No. 18,731.

PEOPLE OF THE STATE OF COLORADO, EX REL. DUKE W.
DUNBAR, ET AL. *v.* AL FREEDMAN, ETC.
(356 P. [2d] 899)

Decided November 14, 1960.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. CHARLES S. THOMAS, Assistant,
Mr. WINSTON S. HOWARD, Special Assistant, for plaintiffs
in error.

Mr. FRED M. WINNER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

THIS action was instituted in the trial court by the
State Board of Accountancy, hereinafter referred to as the
Board. The complaint contains an allegation that the de-
fendant Al Freedman conducts an accounting and in-

come tax service at two separate locations in Denver; that he has not received from the Board "a certificate of qualifications to practice as a certified public accountant in the State of Colorado, nor has the defendant received from said Board, a certificate of authority to practice as a registered accountant in the State of Colorado." It is further alleged in the complaint that Freedman, in advertising and "in holding his business out to the people," has used the words "public accountant" in a manner to indicate and lead the public to believe that he has been authorized by the Board to practice as a public accountant.

An advertisement admittedly placed in a Denver newspaper by defendant is specifically set forth in the complaint and is as follows:

"AL FREEDMAN & COMPANY
Public Accountants
(Formerly Freedman Bookkeeping & Tax Service)
announces
the opening of their new Cherry Creek Office
at 302 Redding-Miller Building — 105 Fillmore Street
Denver 6, Colorado — Telephone: DU 8-3673
East Denver Office at 700 Locust Street
Denver 20, Colorado — Telephone: FL 5-0383
A Complete Accounting and Income Tax Service
Available at Both Locations.
Open Eve. by Appointment."

The prayer of the complaint is that the court "issue its preliminary injunction enjoining and restraining the defendant from using or assuming to use the words 'Public Accountant' to indicate that he is entitled to practice as a public accountant in the State of Colorado," and that following a hearing the temporary injunction be made permanent.

Counsel for Freedman filed a motion to dismiss in which it is asserted that the complaint fails to state facts sufficient to constitute a claim for relief.

The trial court sustained the motion and dismissed the

action. On this ground the Board seeks review by writ of error.

The pertinent statute is C.R.S. 1953, 2-1-12 (1), and reads as follows:

"Any person who has received from the board a certificate of his qualifications to practice as a certified public accountant shall be styled and known as a certified public accountant and no other person shall assume to use such title or the abbreviation C. P. A. or any other word, words, letters or figures to indicate that the person using the same is a certified public accountant. The term cost accountant, chartered accountant and certified accountant and the abbreviation C. A. are specifically prohibited to such other persons as being prima facie misleading to the public. Any person who has received from the board a certificate of authority, shall be styled and known as a registered accountant and no other person, other than a certified public accountant, shall assume to use such designation or any other word, words, letters or figures to indicate that such person is entitled to practice as a public accountant."

The findings of the trial court contain the following significant language:

"The Legislature appropriated to those licensed under the Act the specific terms 'Certified Public Accountant,' 'Registered Accountant,' and the abbreviation 'C. P. A.' The Legislature specifically made the terms 'cost accountant,' 'chartered accountant,' 'certified accountant,' and the abbreviation 'C. A.' specifically prohibited to those not licensed under the Act, and their use was declared prima facie misleading to the public. The Legislature did not appropriate to those so licensed the specific term 'public accountant,' but did state in the Act, in effect, that no other person shall assume to use such designations as listed above or any other word, words, letters or figures to indicate that such person is entitled to practice as a public accountant. Not having appropriated the term public accountant, it appears to the Court that

the designation public accountant may properly be used without a violation of the Act, unless there is a finding that such designation indicates that such person is entitled to practice as a certified public accountant, or registered accountant. The Court finds that there is no such representation by the use of the designation 'Public Accountant,' and, accordingly, * * *."

We agree with the conclusions reached by the trial court. That portion of the above quoted statute which provides that, " * * * no other person * * * shall assume to use such designation or any other word, words, letters or figures to indicate that such person is entitled to practice as a public accountant," only prohibits a representation that he possesses a certificate issued by the Board under which he is "entitled" to carry on his business. There is no prohibition against the use of the words "public accountant." Their use does not ipso facto amount to a representation by the user that the Board has issued a certificate of authority under which such person is "entitled" to make use of the words "public accountant."

The judgment is affirmed.

Mr. Justice Knauss and Mr. Justice Doyle concur.