No. 20,295.

COLORADO ASSOCIATION OF ACCOUNTANTS, ET. AL., v.
COLORADO SOCIETY OF CERTIFIED PUBLIC ACCOUNTANTS.

(384 P. [2d] 94)

Decided July 22, 1963.

*Reversed.*

Mr. FRED M. WINNER, for plaintiffs in error.

Messrs. DAWSON, NAGEL, SHERMAN & HOWARD, Mr. HUGH A. BURNS, Mr. JAMES E. HAUTZINGER, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to the plaintiffs in error as defendants as they appeared in the trial court, and to defendant in error as plaintiff or C.P.A.

The cause is here on writ of error directed to a judgment that found the defendants in contempt of court for having violated an injunction theretofore entered. This action is an outgrowth of our opinion in *People ex rel. Dunbar v. Freedman, etc.,* 144 Colo. 438, 356 P. (2d) 899, in which we held that under the provisions of C.R.S. '53, 2-1-12 (1) — Accountancy Act of 1937 — there was no prohibition against the use of the words "public accountant" by a person who had not received from the Board of Accountancy a certificate of his qualifications to practice as a "Certified Public Accountant." Following this announcement the defendants adopted the name "Public Accountants Society of Colorado," resulting in the instant proceedings in contempt.

The plaintiff, a nonprofit corporation, is limited in membership to persons to whom a certificate of qualification to practice as a "Certified Public Accountant" has been issued. The defendant corporation is composed of members who are engaged in accounting activity but have not been issued the above mentioned certificate.

It was alleged in the original complaint filed by C.P.A. that the corporate defendant and the individually named officers thereof were employing the trade name "Colorado Society of Public Accountants"; that said name was so similar to its own that the public would think the two organizations were the same; and that the use of said name by defendants, "constitutes an infringement of plaintiff's exclusive right to the use of plaintiff's name." Plaintiff sought an injunction against the use by defendants of the name "Colorado Society of Public Accountants."

Defendants filed an answer in which it was asserted that:

"2. Prior to the filing of this case, neither plaintiff nor anyone else made any request to defendants to discon-

tinue the use of said name, and, had such a request been made, defendants would have voluntarily discontinued the use of the name.

"3. If plaintiff wishes defendants to discontinue the use of said name, defendants are willing to do so.

"WHEREFORE, defendants consent to the entry of the injunction prayed in the complaint."

Thereupon the trial court entered an injunction by consent, dated November 3, 1958, which contained, inter alia, the following:

"2. That the defendants and each of them be, and they hereby are, permanently restrained and enjoined in and throughout the State of Colorado from doing business under the name of 'Colorado Society of Public Accountants' and from any and all use or employment of the name 'Colorado Society of Public Accountants' or any similar name, or any variation thereof, or any other words so similar in sound or appearance to the corporate name of the plaintiff, Colorado Society of Certified Public Accountants, as to mislead or deceive the public or as to lead to uncertainty or confusion."

November 15, 1961, plaintiff filed its "Motion for Contempt Citation" upon which the court issued a rule to show cause. At the hearing on the contempt proceedings all pertinent facts were before the court on stipulation from which it appears that:

"On February 24, 1961, defendant Colorado Association of Accountants adopted, has since used and is now using the name 'Public Accountants Society of Colorado.' Defendants George Kaneko, Wendell O. Turner, Edward Touber, Verna Walker, Frank Switzer and Dan LoSasso have also used and are now using the name 'Public Accountants Society of Colorado.' "

The stipulation contains a detailed statement of various ways in which the trade name "Public Accountants Society of Colorado" was used subsequent to the entry of the injunction.

No evidence was introduced upon the hearing to show

that use of the name "Public Accountants Society of Colorado" was used by defendants in such manner, "as to mislead or deceive the public or as to lead to uncertainty or confusion," with reference to the identity of the parties. The change in the trade name of the defendant corporation from "Colorado Society of Public Accountants" to the name "Public Accountants Society of Colorado" had the effect of separating the two organizations in all directories in which the listings follow an alphabetical sequence.

■ The stipulation first entered into by the parties authorized the entry of an injunction against the use of the name "Colorado Society of Public Accountants" and nothing more. The order actually entered went beyond this point and prohibited the use of "* * * any similar name, or any variation thereof, or any other words so similiar in sound or appearance to the corporate name of the plaintiff, Colorado Society of Certified Public Accountants, as to mislead or deceive the public or as to lead to uncertainty or confusion." The very purpose of the injunction was to protect plaintiff against loss by reason of the fact that the public might be misled or deceived concerning the separate identity of the parties. Defendants could not be found guilty of contempt of court unless their use of the name to which objection was made resulted in a "confusion" of identity in the mind of the public, and loss or damage to the plaintiff. We cannot say as a matter of law that the name used by defendants would produce such a result.

■ We have held that members of the defendant corporation cannot be prohibited from use of the term "Public Accountant." The question then is whether defendants can be prohibited the use of the words "Society of Colorado." In the complete absence of testimony that the use thereof in connection with "Public Accountants" injuriously affects the plaintiff, no contempt is established. The word "society" is a generic term, and it cannot be successfully argued that any group has the ex-

clusive right to use of the word "Colorado." *Driverless Car Company v. Glessner-Thornberry Driverless Car Company,* 83 Colo. 262, 264 Pac. 653. We conclude that the names being used by the two nonprofit professional societies involved in this action are not confusingly similar as a matter of law. The judgment is reversed.

MR. JUSTICE MCWILLIAMS dissents.

MR. JUSTICE SUTTON not participating.