Carl E. TACKETT d/b/a Television Engineering Company, Appellant,

v.

STATE BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS, Appellee.

No. 565.

Court of Civil Appeals of Texas, Corpus Christi.

March 25, 1971.

John J. Pichinson, Victor Gillespie, Corpus Christi, for appellant.

Crawford Martin, Atty. Gen., Sam L. Jones, Jr., Asst. Atty. Gen., Austin, for appellee.

OPINION

NYE, Chief Justice.

This suit is for injunctive relief brought by the State Board of Registration for Professional Engineers against Carl E.

Tackett, d/b/a Television Engineering Company. The Board sought an injunction against the defendant from violating certain provisions of the Texas Engineering Practice Act which arose out of the defendant's use of the term "engineering" in the trade name under which he conducts his business with the public. The trial court in granting the Board's motion for summary judgment entered a permanent injunction against the defendant enjoining the use by defendant of the term "engineering" in his advertising and other business activity.

The defendant has appealed contending in one point of error that he is exempt from the provisions of the Texas Engineering Practice Act as a matter of law, or that there is at least a genuine issue of material fact as to whether or not he was representing or holding himself out to the public in violation of the Act under which the suit was brought.

The Board, as appellee, is an agency of the State of Texas and is charged by statute with the responsibility of insuring strict compliance of and enforcement of the Texas Engineering Practice Act, Article 3271a, V.A.C.S. The Act gives the Board the right to institute a suit against any individual to enjoin the violation of any provision of the Act, rule or regulation of the Board. (Article 3271a, § 8) The Act provides in part that:

> " * * * *it is the intent of the Legislature,* in order to protect the public health, safety and welfare, that the privilege of practicing engineering be entrusted only to those persons duly licensed, registered and practicing under the provisions of this Act and *that there be strict compliance with and enforcement of all the provisions of this Act,* and, in order that the state and members of the public may be able to identify those duly authorized to practice engineering in this state and fix responsibility for work done or services or acts performed in the practice of

engineering, only licensed and registered persons shall practice, offer or attempt to practice engineering or call themselves or be otherwise designated as any kind of an 'engineer' or in any manner make use of the term 'engineer' as a professional, business or commercial identification, title, name, representation, claim or asset, and *all the provisions of this Act shall be liberally construed and applied to carry out such legislative intent.* In furtherance of such intent and purpose of the Legislature, the practice of engineering is hereby declared a learned profession to be practiced and regulated as such, and its practitioners in this state shall be held accountable to the state and members of the public by high professional standards in keeping with the ethics and practices of the other learned professions in this state * * *." Article 3271a, § 1.1. (Emphasis supplied.)

The Act further provides that unless duly licensed and registered, *no person shall directly or indirectly employ, use, cause to be used, or make use of any of the following terms* or any combinations, variations or abbreviations thereof as a professional business or commercial identification, title, name, representation, claim, asset or means of advantage or benefit: "engineer," "professional engineer," "licensed engineer," "registered engineer," "engineered." Article 3271a, § 1.2(2).

The Act further provides that *no person in this State shall:* "*Directly or indirectly, employ, use, cause to be used or make use of any letter, abbreviation, word, symbol, slogan, sign or any combinations or variations thereof, which in any manner whatsoever tends or is likely to create any impression with the public or any member thereof that any person is qualified or authorized to practice engineering unless such person is duly licensed, registered under and practicing in accordance with the provisions of this Act.*" Article 3271a § 1.2(3).

The Act states that with the intent and the meaning and for all purposes of this Act, any person, firm, partnership, association or corporation which shall do, offer or attempt to do any one or more of the acts or things set forth in numbered paragraphs * * * (2) or (3) of Section 1.2 *shall be conclusively presumed and regarded as engaged in the practice of engineering.* The Act then prohibits any person from engaging in the practice of engineering unless he is duly licensed and registered in accordance with the provisions of the Act. Section 1.2 of Article 3271a.

The Texas Engineering Practice Act specifically prohibits the appellant under the facts before us, from making use of the word *"Engineering"* in his business. The Act provides in Section 18 that unless the firm, partnership, association, corporation, or other business entity is actually and actively engaged in the practice of engineering or offering engineering services to the public, or are either personally performed or done by professional engineers or under the responsible supervision of a registered engineer, such business entity shall not hold itself out to the public by using or making use of " * * * any such words or terms as 'engineer,' *'engineering,'* 'engineering services,' 'engineering company,' 'engineering, inc.,' 'professional engineers,' 'licensed engineer,' 'registered engineer,' 'licensed professional engineer,' 'registered professional engineer,' 'engineered,' or any combination, abbreviations or variations thereof, or in combination with any other words, letters, initials, signs or symbols on, in or as a part of, directly or indirectly, and sign, directory, listing, contract, document, pamphlet, stationery, letterhead, advertisement, signature, trade name, assumed name, corporate or other business name * * *." Article 3271a, § 18. (Emphasis supplied.)

■ Based upon certain request for admissions, interrogatories, and the affidavits filed by both parties to this suit, it was factually undisputed that the defendant was the owner and operator of a television sales and service business in Corpus Christi, Texas. The name of his business was "Television Engineering Company". He has never been licensed as an engineer by the State of Texas or any other jurisdiction. The defendant's formal education ended with graduation from high school. He has had no education as an engineer. He made no application with the State of Texas for a license as an engineer. The defendant used the name "Television Engineering Company" in advertising published by radio, television, newspaper, painted signs, telephone directory and business directory. His stationery and cards bore the name of "Television Engineering Company". He entered into contracts under this name. He billed his customers for television sales and service as "Television Engineering Company". His delivery and service trucks have this name painted on the sides. A large sign bears the name "Television Engineering Company" at his place of business. The defendant does not have any licensed engineers working for him.

■ It is undisputed that the defendant uses the term "engineering" in the above admitted ways connected with his business. He contends, however, that he does not have to be licensed, as Section 20 of the Act specifically exempts his type of business from the provisions of the Act.

Sec. 20(e) provides

*"Nothing in this Act shall be construed to apply to persons doing the actual work of installing, operating, repairing, or servicing* locomotive or stationary engines, steam boilers, Diesel engines, internal combustion engines, refrigeration compressors and systems, hoisting engines, electrical engines, air conditioning equipment and systems, or mechanical and electrical, *electronic or communications equipment and apparatus;* * * *."* (Emphasis supplied)

It is stated however in the preamble of Sec. 20 of Art. 3271a that the persons doing the actual work enumerated are "exempt from the provision of this Act, *provided that such persons are not represented or held out to the public as duly licensed and registered by the Board to engage in the practice of engineering*:" Since the Act prohibits the use of the term "Engineering" unless the person is duly licensed under the Act, such prohibited use of this term is a holding out to the public that the business is being operated by a duly licensed and registered engineer.

Appellant likens his situation with the position taken in the case of People, ex rel. Dunbar v. Freedman, 144 Colo. 438, 356 P.2d 899 (1960). There the Colorado State Board of Accountants sought to enjoin the defendant from using the words "public accountant". The reason that the court refused to grant the injunction was that the legislature in Colorado did not expressly prohibit the designated word "public accountant". The Supreme Court of Colorado stated:

"The Legislature appropriated to those licensed under the Act the specific terms 'Certified Public Accountant,' 'Registered Accountant,' and the abbreviation 'C.P.A.' The Legislature specifically made the terms 'cost accountant,' 'chartered accountant,' 'certified accountant,' and the abbreviation 'C.A.' specifically prohibited to those not licensed under the Act, * *. The Legislature did not appropriate to those so licensed the specific term 'public accountant,' * * *."

The applicable exemption under Section 20 of Article 3271a applies to employees who are actually doing the work of installing electronic equipment and apparatus, so long as they do not hold themselves out as being duly licensed or registered by the Board to engage in the practice of engineering. The defendant's conduct in the use of the term 'engineering' is an act prohibited by the statute.

The Legislature intended to protect the public. It stated that the practice of engineering is declared to be a learned profession to be protected and regulated as such. The engineer in this State shall be held accountable to the State and to the members of the public by high professional standards in keeping with the ethics and practices of the other learned professions in this State. Art. 3271a, § 1.1, V.A.C.S. In order to maintain these high standards set by the Legislature, the Board is entitled to seek protection from our courts from those who would violate the law. The trial court was correct in issuing the permanent injunction.

Affirmed.