

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 15, 1974

The Honorable James W. Kirby, Chairman
State Board of Registration for
  Professional Engineers
200 John H. Reagan Bldg.
Austin, Texas 78701

Opinion No. H- 372

Re: Whether the Texas
Engineering Practice Act
prohibits (1) a private associa-
tion of engineers from accredit-
ing and certifying persons; (2)
use of membership or accredita-
tion in an association of engineers
by an individual not a registered
engineer.

Dear Mr. Kirby:

Your office has requested our opinion as to whether the Texas
Engineering Practice Act, Art. 3271a, V. T. C. S., prohibits certain
activities of a private association.

We understand that the National Association of Corrosion Engineers
is a private organization incorporated under the Texas Non-Profit Corpora-
tion Act with headquarters in Houston, Texas. The membership of the
Association includes both registered professional engineers and those who
are not. The Association has established and conducts an accreditation
program through which it issues certificates to members recognizing them
to be qualified under Association standards in four categories: "Corrosion
Technician, "Corrosion Technologist, " "Corrosion Specialist in Training, "
and "Corrosion Specialist. " You provided a sample certificate on which
the name of the Association is prominently displayed and which states:
"National Association of Corrosion Engineers Certifies that [name] has
satisfied the requirements for accreditation as a NACE Corrosion Specialist
[or other category]. " The certificate bears the year, corporate seal of

p. 1747

the Association, and has blanks for an accreditation number and the signature of the executive secretary.

Your questions in regard to this matter may be stated as follows:

> 1. Does the Texas Engineering Practice Act prohibit a private association from establishing an accreditation program and issuing certificates in connection with such a program?

> 2. Does the Texas Engineering Practice Act prohibit an individual who is not a registered professional engineer from displaying or making public his membership in or accreditation by an association of engineers?

The Texas Engineering Practice Act establishes a comprehensive regulatory scheme whereby the practice of engineering and the use of the term engineer and its variations are limited to persons licensed and registered by the State Board of Registration for Professional Engineers. Art. 3271a, V. T. C. S.

Section 1.1 of the Act states the purpose of the Act at length, and provides in part:

> [I]n order that the state and members of the public may be able to identify those duly authorized to practice engineering in this state and fix responsibility for work done or services or acts performed in the practice of engineering, only licensed and registered persons shall practice, offer or attempt to practice engineering or call themselves or be otherwise designated as any kind of an "engineer" or in any manner make use of the term "engineer" as a professional, business or commercial identification, title, name, representation, claim or asset . . . .

Section 1.2 prohibits a number of activities by persons who are not registered engineers:

> Sec. 1.2 From and after the effective date of this Act, unless duly licensed and registered in accordance with the provisions of this Act, no person in this state shall:
>
> (1) Practice, continue to practice, offer or attempt to practice engineering or any branch or part thereof.
>
> (2) Directly or indirectly, employ, use, cause to be used or make use of any of the following terms or any combinations, variations or abbreviations thereof as a professional, business or commercial identification, title, name, representation, claim, asset or means of advantage or benefit: "engineer," "professional engineer," "licensed engineer," "registered engineer," "registered professional engineer," "licensed professional engineer," "engineered."
>
> (3) Directly or indirectly, employ, use, cause to be used or make use of any letter, abbreviation, word, symbol, slogan, sign or any combinations or variations thereof, which in any manner whatsoever tends or is likely to create any impression with the public or any member thereof that any person is qualified or authorized to practice engineering unless such person is duly licensed, registered under and practicing in accordance with the provisions of this Act.
>
> (4) Receive any fee or compensation or the promise of any fee or compensation for performing, offering or attempting to perform any service, work, act or thing which is any part of the practice of engineering as defined by this Act.

> Within the intent and meaning and for all purposes
> of this Act, any person, firm, partnership, associa-
> tion or corporation which shall do, offer or attempt
> to do any one or more of the acts or things set forth
> in numbered paragraphs (1), (2), (3), (4) of this Section
> 1.2 shall be conclusively presumed and regarded as
> engaged in the practice of engineering.

In regard to the first question, we find no provision in the Act which would prohibit an organization made up of registered engineers from establishing professional recognition standards and accrediting its registered engineer members as to their specialized training or knowledge in an area within the field of engineering.

The Act makes no reference to specialization. The qualifications for registration refer generally to engineering training and experience in engineering work without further specification. Sec. 12, Art. 3271a, V. T. C. S.

Section 8 of the Act authorizes the Board to establish standards of conduct and ethics for registered professional engineers. In the absence of a standard limiting or restricting claims of specialization, we do not believe that a private association of engineers would be prohibited from establishing an accreditation program in a specialized area for its registered engineer members, and issuing certificates in connection with such a program.

However, in view of the comprehensive regulatory scheme established by the Act, and the reservation of the use of the term "engineer" to those licensed and registered by the Board, it is clear that the Board's authority to license and certify persons as engineers is exclusive, and a private organization may not certify persons as engineers.

On the facts presented, while the accreditation and certification program does not directly designate persons as engineers, the use of the

name of the association in connection with the program seems misleading. In our opinion, the use of the name "National Association of Corrosion Engineers" on a certificate purporting to recognize a person as having special qualifications probably would constitute a violation of §1.2(3) of the Act, which prohibits the direct or indirect use of any abbreviation, word, symbol, slogan, sign "which in any manner whatsoever tends or is likely to create any impression with the public or any member thereof that any person is qualified or authorized to practice engineering unless such person is duly licensed, registered under and practicing in accordance with the provisions of this Act."

Thus, the answer to the first question is that, under the facts given us, Sec. 1.2(3), Art. 3271a, V. T. C. S., would prohibit the National Association of Corrosion Engineers from using "engineers" in a manner that tends to create an impression that those certified by it are engineers.

The second question is concerned with the display or use of membership in or accreditation by an association of engineers by an individual who is not a registered engineer.

Section 1.2 (2) of the Act, set out above, prohibits any person other than a registered engineer from making any use of the term "engineer" or any variation thereof "as a professional, business or commercial identification, title, name, representation, claim, asset or means of advantage or benefit . . . . "

Section 1.2 (3) prohibits the use of any word, symbol, sign, etc., which tends or is likely to create an impression that any person is qualified or authorized to practice engineering.

Section 18 prohibits any firm, partnership, association, corporation or other business entity from holding itself out to the public as being engaged in the practice of engineering or from using the term "engineer" or any variation thereof on, in or as a part of any "sign, directory, listing, contract, document, pamphlet, stationery, letterhead, advertisement, signature, trade name, assumed name, corporate or other business name" unless engaged in

the practice of engineering performed by registered engineers.

In Tackett v. State Board of Registration for Professional Engineers, 466 S. W. 2d 332 (Tex. Civ. App. --Corpus Christi, 1971, no writ), the court held that the use of the business name "Television Engineering Company" by a person not registered engineer was a violation of the Texas Engineering Practice Act.

In State Board of Registration for Professional Engineers v. Wichita Engineering Company,  504 S. W. 2d 606 (Tex. Civ. App. --Ft. Worth, 1973, writ ref'd, n. r. e.), the court held that Section 18 of the Act is a valid exercise of the State's police power, and that a corporation that did not provide engineering services could be enjoined from using the name "Wichita Engineering Company. "

In Attorney General Opinion No. C-691 (1966), this Office held that the use of designations such as "sales engineer, " "moving engineer, " "safety engineer, " "tax engineer, " or similar designations on stationery, building directories, telephone directories, business cards, advertisements or other means of communication by individuals not registered to practice engineering would be a violation of the Engineering Practice Act, specifically citing Sec. 1. 2 (2) and (3) of the Act.

In Attorney General Opinion No. M-1090 (1972), this Office considered a provision in the Public Accountancy Act, Sec. 8 (c), Art. 41a, V. T. C. S., which restricts the use of the title or designation "public accountant. " In that Opinion, it was held that the listing of an accounting organization membership on one's stationery would be a violation of that Act unless the person was licensed public accountant.

The language of the provision in the Public Accountancy Act is very similar to that used in Secs. 1. 2 (3) and 18 of the Texas Engineering Practice Act, and the purpose of the provisions of both Acts is the same: to prevent the public from being misled by the use of a term tending to indicate that the individual is licensed when he is not.

On the facts presented to us, in view of the comprehensive prohibition of Secs 1.2 (2) and (3), 18, supra, and in light of their interpretation and application by the authorities cited, it is our opinion that these provisions prohibit an individual who is not a registered engineer from displaying, using or claiming membership in, or certification by, The National Association of Corrosion Engineers in his professional, business, or commercial activities.

## SUMMARY

Article 3271a, V. T. C. S., prohibits the National Association of Corrosion Engineers from using "engineers" in a manner that tends to create an impression that those certified by it are engineers.

An individual who is not a registered engineer may not display or use membership in or certification by an association using the term "engineer" in its name in his professional, business, or commercial activities. Sections 1.2 (2), (3), 18, Article 3217a, V. T. C. S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg