

# The Attorney General of Texas

November 5, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Robert E. Davis
Chairman
Texas House of Representatives
Committee on Ways & Means
P.O. Box 2910
Austin, Texas 78769

Opinion No. MW-384

Re: Interpretation of Texas
Engineering Practice Act

Dear Mr. Davis:

You have addressed questions to us concerning the construction of the Texas Engineering Practice Act, article 3271a, V.T.C.S.

The Texas Engineering Practice Act is quite comprehensive. The act appropriates the terms "engineer," "engineering" and various derivatives thereof to persons who are duly registered with the Board of Registration for Professional Engineers. Generally speaking, the act forbids the use of the term "engineer" or any of its derivatives to all except those who are duly registered. Tackett v. State Board of Registration for Professional Engineers, 466 S.W.2d 332 (Tex. Civ. App. - Corpus Christi 1971, no writ).

The act itself contains exemptions, one of which is articulated in section 20(g), which reads as follows:

> Sec. 20. The following persons shall be exempt from the provisions of this Act, provided that such persons are not represented or held out to the public as duly licensed and registered by the Board to engage in the practice of engineering.
>
> . . . .
>
> (g) Any regular full time employee of a private corporation or other private business entity who is engaged solely and exclusively in performing services for such corporation and/or its affiliates; provided, such employee's services are on, or in connection with, property owned or leased by such private corporation and/or its affiliates or other private business entity, or in

which such private corporation and/or its affiliates or other business entity has an interest, estate or possessory right, or whose services affect exclusively the property, products, or interests of such private corporation and/or its affiliates or other private business entity; and, provided further, that such employee does not have the final authority for the approval of, and the ultimate responsibility for, engineering designs, plans or specifications pertaining to such property or products which are to be incorporated into fixed works, systems, or facilities on the property of others or which are to be made available to the general public. This exemption includes the use of job titles and personnel classifications by such persons not in connection with any offer of engineering services to the public, providing that no name, title, or words are used which tend to convey the impression that an unlicensed person is offering engineering services to the public.

V.T.C.S. art. 3271a, §20.

Your first question is: "Does the exemption stated in article 3271a, section 20 remove engineers in industry from the scope of the act?" We conclude that engineers in industry are not subject to licensing requirements if they meet the requirements of section 20(g), but they are not exempt from the scope of the act.

Section 1.1 of article 3271a, V.T.C.S., sets forth the legislative purpose of the act, as follows:

In recognition of the vital impact which the rapid advance of knowledge of the mathematical, physical and engineering sciences as applied in the practice of engineering is having upon the lives, property, economy and security of our people and the national defense, it is the intent of the Legislature, in order to protect the public health, safety and welfare, that the privilege of practicing engineering be entrusted only to those persons duly licensed, registered and practicing under the provisions of this Act and that there be strict compliance with an enforcement of all the provisions of this Act, and, in order that the state and members of the public may be able to identify those duly authorized to practice engineering in this state and fix responsibility for work done or services or acts performed in the practice of engineering, only licensed and registered persons shall practice, offer or

attempt to practice engineering or call themselves or be otherwise designated as any kind of an 'engineer' or in any manner make use of the term 'engineer' as a professional, business or commercial identification, title, name, representation, claim or asset, and all the provisions of this Act shall be liberally construed and applied to carry out such legislative intent. In furtherance of such intent and purpose of the Legislature, the practice of engineering is hereby declared a learned profession to be practiced and regulated as such, and its practitioners in this state shall be held accountable to the state and members of the public by high professional standards in keeping with the ethics and practices of the other learned professions in this state. There is specifically reserved to graduates of all public universities recognized by the American Association of Colleges and Universities the right to disclose any college degrees received by such individual and use the word Graduate Engineer on his stationery, business cards, and personal communications of any character.

Section 1.2 specifically reserves to registrants of the board the practice of engineering. Subsections (2), (3), and (4) of section 1.2 preclude non- registrants from using the term "engineer" or derivatives thereof, from using any symbol or abbreviation which would, in any manner, tend to create a public impression that the person so using was a registrant of the board, or from receiving any fee or compensation for "engineering" services. The concluding paragraph of section 1.2 of the act provides that any entity utilizing the term "engineer" or otherwise holding itself out to the public as an engineer "shall be conclusively presumed and regarded as engaged in the practice of engineering." It is our opinion that the essence of section 20(g) is to exempt the average engineer in industry from the requirement of state registration; however, we do not believe that section 20(g) of the act can be construed in such a way as to thwart the express purpose of the act by permitting any non-registrant to hold himself out as a engineer.

The preamble to section 20 of the act reads as follows:

Sec. 20.   The following persons shall be exempt from the provisions of this Act, provided that such persons are not represented or held out to the public as duly licensed and registered by the Board to engage in the practice of engineering. (Emphasis added).

You next ask, in the event of a negative answer to question number one, to what extent the engineer in industry is covered by the act.

It is our opinion that all persons, not specifically exempted by the act, are covered by the act. Although a person employed in the engineering department of an industry may carry the "in-house" designation of "engineer" without being registered, such designation may not be used in such a way that misleads the public into believing the user is a registrant. It is worthy of note that section 20(g) specifically provides that "such employee does not have the final authority for the approval of, and the ultimate responsibility for, engineering designs, plans or specifications...." In other words, he is not authorized to practice engineering.

You next ask the following question: "Does the certification of engineers in industry as a specialist with respect to specific skills in a recognized discipline of engineering pursuant to standardized, nondiscriminatory guidelines fall within the scope of the act?

> (a)  If the answer to Question 2 is 'yes,' would such an undertaking fall within the definition of the 'practice of engineering' as set out in the act?

> (b)  If the answer to Question 2(a) is 'yes,' would the board be authorized to require registration of such activity?

> (c)  If the answer to Question 2(b) is 'yes,' under what circumstances would the board be authorized to withhold registration of such activity?

> (d)  If the answer to Question 2 is 'no,' would a private nonprofit corporation composed solely of engineers in industry be authorized to certify an engineer as possessing the requisite degree of education, skill, expertise, and knowledge so as to indicate a specialization in a particular discipline of engineering if such certification is pursuant to standardized, nondiscriminatory guidelines?

> (e)  If the answer to Question 2(d) is 'yes,' may the corporation formulate its own procedures and rules for recognition of an engineer as a specialist in a particular discipline of engineering and, on this basis, issue him a certificate of specialty?

large

In answer to your question concerning certification, if the result of a certification is to represent the holder as duly licensed by the board, he is in violation of the licensing provisions of the act.

The board registers only individuals; a business entity, incorporated or otherwise, acquires its engineering legitimacy only through the registration of an individual, who is held responsible for the engineering work done on behalf of the entity. We therefore answer your question 2(b) in the affirmative.

We answer your question 2(c) simply by stating that the act confers broad powers on the board. The principal duty of the board is to protect the public; if, in the opinion of the board, such a certification could tend to mislead the public, the registration could be withheld.

S U M M A R Y
The Texas Engineering Practice Act, article 3271a, V.T.C.S., does not exempt persons employed in industry as engineers from the operation of the act; industry certification of an employee as an engineering specialist falls within the scope of the act.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Robert W. Gauss
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Robert W. Gauss
Rick Gilpin
Jim Moellinger