**AMERICAN SKI ASSOCIATION,**
Plaintiff-Appellant,

v.

**Robert C. BERGSTEDT; John L. Hamilton; R. John Sierwierski, a/k/a John Sierwierski; LeisureRec Group, Inc., d/b/a Creative Enterprises; Lana Slater and Ski Card International, Inc.,** Defendants-Appellees.

No. 83CA0841.

Colorado Court of Appeals,
Div. III.

May 3, 1984.

Jorge E. Castillo, P.C., Jorge E. Castillo, Denver, for plaintiff-appellant.

Dominick & Halperin, Michael P. Dominick, Boulder, for defendants-appellees.

VAN CISE, Judge.

This action was brought in June 1983 by American Ski Association (ASA) for an injunction against, and damages arising from, the alleged unfair competition of individual defendants Bergstedt, Hamilton, and Sierwierski, former executive and management personnel of ASA, and corporate defendants Ski Card International, Inc., organized by the three individuals, and LeisureRec Group, Inc., controlled by Sierwierski. A temporary restraining order against defendant's activities was granted June 16.

On June 24, without taking testimony on the merits of the motion, a different judge denied ASA's motion for preliminary injunction and vacated the temporary restraining order on the ground that ASA, as a non-profit for educational purposes corporation, did not have standing to bring an unfair competition action against persons and organizations operating for profit.

ASA appeals, *see* C.A.R. 1(a)(3), and we reverse.

### I.

ASA contends, and we agree, that it was error to hold that ASA had no standing and, therefore, to deny a preliminary injunction against allegedly unfair competitive practices solely on the grounds stated by the trial court.

■ Even defendants' counsel, at oral argument, stated, "my clients ... have never and do not now contend that unfair competitive practices against a non-profit corporation are permissible." A non-profit corporation is entitled to the same protection against unfair competition as a for-profit entity. *See Boy Scouts of America v. Teal*, 374 F.Supp. 1276 (E.D.Pa.1974); *National Geographic Society v. Classified Geographic, Inc.*, 27 F.Supp. 655 (D.C. Mass.1939); *Metropolitan Opera Ass'n v. Wagner-Nichols Recorder Corp.*, 199 Misc. 786, 101 N.Y.S.2d 483 (1950), *aff'd*, 279 App.Div. 632, 107 N.Y.S.2d 795 (1951). *See also Colorado Ass'n of Accountants v. Colorado Society of Certified Public Accountants*, 152 Colo. 563, 384 P.2d 94 (1963).

### II.

■ Defendants' *ultra vires* argument—that ASA is operating beyond the scope of its articles of incorporation and, therefore, is not entitled to any injunctive relief against defendants' activities—is without merit. "No act of a corporation ... shall be invalid by reason of the fact that the corporation was without capacity or power to do such an act." Section 7–22–102, C.R.S. The statute provides that such lack of capacity or power may be asserted only (a) in a proceeding brought by a member or a director against the corporation to enjoin the doing or continuation of unauthorized acts, (b) in a proceeding by the corporation against the officers or directors for exceeding their authority, or (c) in a proceeding by the attorney general. Thus the *ultra vires* concept cannot be used as a defense to an injunction action.

The order denying the preliminary injunction is reversed. The cause is remand-

ed for a hearing on the merits of the claim for an injunction (if still sought by ASA) and for further proceedings on the remaining claims, counterclaims, and third-party claims.

TURSI and METZGER, JJ., concur.