OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

July 9, 2002

The Honorable Warren Chisum
Chair, Committee on
Environmental Regulation
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0525

Re: Whether the Texas Engineering Practice Act permits in-house engineers to include their job titles on business cards, cover letters, and other correspondence (RQ-0495-JC)

Dear Representative Chisum:

You ask whether the Texas Engineering Practice Act (the "Act") permits in-house engineers who work for private corporations that do not offer engineering services to the public to include their job titles on business cards, cover letters, and other forms of correspondence.[1] We conclude they may not do so.

You believe that an employee for a private corporation whose in-house job title is that of "engineer" should be able to use a title, such as "Engineer" or "Process Engineer" on business cards, cover letters, and other forms of correspondence because of an exemption under section 20(a)(5) of the Act. See Request Letter, supra note 1, at 2. You find "it . . . difficult to fathom how a member of the public could be misled into believing that an in-house engineer for a company that does not perform or offer to perform any engineering services for the public is somehow offering such services by the mere use of the job title 'Engineer.'" Id.

The Act, article 3271a of the Revised Civil Statutes, specifically addresses the use of the designation of "engineer" in section 1.1. Section 1.1, in part, provides:

> [I]t is the intent of the Legislature, in order to protect the public health, safety and welfare, that the privilege of practicing engineering be entrusted only to those persons duly licensed and practicing under the provisions of this Act and that there be strict compliance with and enforcement of all the provisions of this Act, and, in order that the state and members of the public may be able to identify those duly authorized to practice engineering in this state and fix responsibility

---

[1]Letter from Honorable Warren Chisum, Chair, Committee on Environmental Regulation, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General, at 2 (Dec. 20, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

> for work done or services or acts performed in the practice of engineering, *only licensed persons shall* practice, offer or attempt to practice engineering or *call themselves or be otherwise designated* as any kind of an "engineer" or *in any manner make use of the term* "engineer" as a professional, business or commercial identification, title, name, representation, claim or asset, and all the provisions of this Act shall be liberally construed and applied to carry out such legislative intent.

TEX. REV. CIV. STAT. ANN. art. 3271a, § 1.1 (Vernon Supp. 2002) (emphasis added). Section 1.2 also addresses this issue, forbidding the use of specific terms or any combinations, variations, or abbreviations thereof:

> (a) From and after the effective date of this Act, unless duly licensed in accordance with the provisions of this Act, no person in this state shall:
>
> . . . .
>
> (2) Directly or indirectly, employ, use, cause to be used or make use of any of the following terms or any combinations, variations or abbreviations thereof as a professional, business or commercial identification, title, name, representation, claim, asset or means of advantage or benefit: "engineer," "professional engineer," "licensed engineer," "registered engineer," "registered professional engineer," "licensed professional engineer," "engineered."
>
> (3) Directly or indirectly, employ, use, cause to be used or make use of any letter, abbreviation, word, symbol, slogan, sign or any combinations or variations thereof, which in any manner whatsoever tends or is likely to create any impression with the public or any member thereof that any person is qualified or authorized to practice engineering unless such person is duly licensed under and practicing in accordance with the provisions of this Act.
>
> . . . .

> (b) Within the intent and meaning and for all purposes of this Act, any person, sole proprietorship, firm, partnership, association or corporation which shall do, offer or attempt to do any one or more of the acts or things set forth in Subsection (a) of this section shall be conclusively presumed and regarded as engaged in the practice of engineering.

*Id.* § 1.2.

Section 20 of the Act addresses licensing exemptions for certain individuals, and you believe that subsection (a)(5) provides the exemption for in-house engineers which would allow them to use the job title of "engineer," or some other term indicating that the person is engaged in engineering, on business cards, cover letters, and other forms of correspondence. *See* Request Letter, *supra* note 1, at 2. Section 20(a)(5) provides:

> (a) The following persons shall be exempt from the licensure provisions of this Act, *provided that such persons are not directly or indirectly represented or held out to the public to be legally qualified to engage in the practice of engineering*:
>
> . . . .
>
> (5) any regular full time employee of a private corporation or other private business entity who is engaged solely and exclusively in performing services for such corporation and/or its affiliates; . . . and provided further, that such employee does not have the final authority for the approval of, and the ultimate responsibility for, engineering designs, plans or specifications pertaining to [the corporation's and/or its affiliates'] property or products which are to be incorporated into fixed works, systems, or facilities on the property of others or which are to be made available to the general public. *This exemption includes the use of job titles and personnel classifications by such persons not in connection with any offer of engineering services to the public, providing that no name, title, or words are used which tend to convey the impression that an unlicensed person is offering engineering services to the public;*
>
> . . . .

*Id.* § 20(a)(5) (emphasis added). Regular full-time employees of a private corporation engaged solely and exclusively in performing services for such corporation, therefore, are exempt from licensure "*provided that such persons are not directly or indirectly represented or held out to the public to be legally qualified to engage in the practice of engineering.*" *Id.* § 20(a) (emphasis added). We interpret the italicized language in subsection (a)(5) to mean that a private corporation may use job titles and personnel classifications to classify an employee as an "engineer" and allow the employee to use that title internally. However, an employee, not licensed under the Act yet classified as an "engineer" in a private corporation, may not represent to the public that he or she is an engineer, *i.e.*, by using that title on business cards, stationery, and other forms of correspondence that are made available to the public. Unless an employee of a private firm is a licensed engineer, the employee may not use the title of "engineer" on business cards, stationery, and other forms of correspondence which would represent to the public that the employee is a licensed engineer.

Prior opinions of this office lend support to this view. "It is our opinion that the essence of section 20(g) [now section 20(a)(5)] is to exempt the average engineer in industry from the requirement of state registration; however, we do not believe that section . . . can be construed in such a way as to thwart the express purpose of the act by permitting any non-registrant to hold himself out as [an] engineer." Tex. Att'y Gen. Op. No. MW-384 (1981) at 3. "Although a person employed in the engineering department of an industry may carry the 'in-house' designation of 'engineer' without being registered, such designation may not be used in such a way that misleads the public into believing the user is a registrant." *Id.* at 4. Attorney General Opinion MW-384 also notes that the "board registers only individuals; a business entity, incorporated or otherwise, acquires its engineering legitimacy only through the registration of an individual, who is held responsible for the engineering work done on behalf of the entity." *Id.* at 5. *See* TEX. REV. CIV. STAT. ANN. art. 3271a, §§ 17-18 (Vernon Supp. 2002) (corporation may engage in practice of engineering if registered with the Board and such practice carried on by only professional engineers registered in this state). *See also* Tex. Att'y Gen. Op. Nos. H-1104 (1977) at 2 (State Board of Professional Engineers authorized to regulate and restrict use of word "engineer" and its variations in academic titles); C-691 (1966) at 3 (it is violation of Act for individual, not licensed or registered, to use various designations in connection with name on stationery, building directories, telephone directories, business cards, advertisements, or other means of communication to public).

As you have observed, our conclusion here may appear to be an unduly harsh reading of the statute. As this office recognized in Attorney General Opinion MW-384, however, "[g]enerally speaking, the [Engineering] act forbids the use of the term 'engineer' or any of its derivatives to all except those who are duly registered." Tex. Att'y Gen. Op. No. MW-384 (1981) at 1 (citing *Tackett v. State Bd. of Registration for Prof'l Eng'rs*, 466 S.W.2d 332 (Tex. Civ. App.–Corpus Christi 1971, no writ). In 1975, this office concluded that the Engineering Board lacked authority to promulgate a rule that would restrain Texas A & M University from permitting an unlicensed faculty member to use the title "professor of engineering." Tex. Att'y Gen. Op. No. H-677 (1975). The very next year, the legislature overturned the opinion by adopting a provision that specifically allowed the rule to stand. *See* Tex. Att'y Gen. Op. No. H-1104 (1977). In light of the expansive authority that the legislature has historically accorded the Board in the oversight of the engineering profession, we are

reluctant to view the scope of the present legislative language in a manner that restricts the Board's authority. If the legislature believes otherwise, it may of course amend that language.

To summarize, this office does not interpret article 3271a of the Revised Civil Statutes to allow an in-house employee of a private corporation, though classified internally as an "engineer" or under some other engineering title, to use the title of "engineer" on business cards, cover letters, or other forms of correspondence that are made available to the public. The Act prohibits anyone other than a licensed engineer "to practice engineering or call themselves or be otherwise designated as any kind of an 'engineer' or in any manner make use of the term 'engineer' as a professional, business or commercial identification, title, name, representation, claim or asset, and all the provisions of this Act shall be liberally construed and applied to carry out such legislative intent." TEX. REV. CIV. STAT. ANN. art. 3271a, § 1.1 (Vernon Supp. 2002); *see also id.* § 20(a) (persons are exempt from licensure of Act provided such persons are not directly or indirectly represented or held out to the public to be legally qualified to engage in the practice of engineering).

**S U M M A R Y**

The Texas Engineering Practice Act, article 3271a of the Revised Civil Statutes, does not allow an in-house employee of a private corporation, though classified internally as an "engineer" or under another engineering title, to use the title of "engineer" on business cards, cover letters, or other forms of correspondence that are made available to the public.

Yours very truly,

JOHN CORNYN
Attorney General of Texas


HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee